UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW J. YUNGER,            :     NO.  1:12-CV-00251
                              :
        Plaintiff,            :
                              :
    v.                        :     **OPINION AND ORDER**
                              :
HAMILTON COUNTY, OHIO,        :
et al.,                       :
                              :
        Defendants.           :


        This matter is before the Court on Defendants' Motion to
Dismiss and Motion for a More Definite Statement (doc. 2),
Plaintiff's Response in Opposition (doc. 6), Plaintiff's Motion to
Amend His Complaint (doc. 7), and Defendants' Combined Reply and
Response (docs. 8, 9).  Plaintiff filed no Reply in support of his
Motion to Amend.   For the reasons indicated herein, the Court
GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss,
and GRANTS Plaintiff's Motion to Amend His Complaint, consistent
with this decision.

        As an initial matter, the Court notes that Plaintiff's
Motion to Amend His Complaint, as acknowledged by Defendants,
satisfies Defendants' request for a more definite statement as to
Defendant Engineers Hubbard and Brayshaw, who are being sued in
their official capacity.  As such, while noting the liberal
standard of Federal Rule of Civil Procedure 15, the Court GRANTS
Plaintiff's Motion to Amend to the extent that it allows for such

clarification in an Amended Complaint.

The Court further finds that the balance of the parties'
arguments center on whether Hamilton County and its Commissioners
are named as proper defendants in this matter.  The Court agrees
with Defendants that the County itself is not a legal entity
capable of being sued, it is not sui juris.  McGuire v. Ameritech
Services, Inc., 253 F.Supp.2d 988, 1015 (S.D. Ohio 2003)(counties
are not sui juris, they are held accountable through their elected
representatives, to wit, their commissioners).  As such Defendant
Hamilton County is dismissed from this matter, and Plaintiff is
directed to Amend his Complaint to reflect that Hamilton County is
not a party.

The question of whether the Commissioners should remain
party to this suit is less clear.  Defendants cite to two cases,
both which were at the stage of summary judgment, one which was an
action pursuant to 42 U.S.C. § 1983, and the other which involved
specific duties created by statute in relation to the juvenile
court system (docs. 2, 8, 9, citing Spangler v. Wenninger, No.
1:06-CV-229, 2008 U.S. Dist. LEXIS 86369 *25-27 (S.D. Ohio,
September 3, 2008), Burton v. Hamilton County Juvenile Court, No.
1:04-CV-368, 2005 U.S. Dist. LEXIS 39775 *9 (S.D. Ohio, December 5,
2005)).  Municipality liability under Section 1983 requires the
existence of an unconstitutional policy and not merely a
supervisory right of control.  This case, by contrast, is brought

2

under the Fair Labor Standards Act ("FLSA"), which by express definition defines "employers" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee, and includes a public agency." 29 U.S.C. § 203(d). Moreover, although the parties disagree as to the interpretation of the statutory role of the Board of County Commissioners in relation to the County Engineer, it is clear under Ohio Revised Code §§ 305.15 and 305.17 that Commissioners have statutory authority to hire engineers and to set their compensation.[1] The parties' briefing does not clarify adequately whether Plaintiff was working under such statutory sections, nor to what degree, if any, the Commissioners may have even acted "indirectly" in relation to Plaintiff's interests, and therefore qualified as an "employer" under the FLSA. As such, and noting that this matter is before the Court on a motion to dismiss, the Court finds Plaintiff has alleged a plausible claim against the Board, unless and until further discovery shows the Board had absolutely no role in relation to Plaintiff's interests in this matter.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss (doc. 2) to the extent that it DISMISSES Hamilton County as a Defendant in this matter, while

---

[1]This stands in contrast to Burton, 2005 U.S. Dist. LEXIS 39775 *9, cited by Defendants, which involved a juvenile court employee appointed by the court system.

Defendant Engineers and Board of Commissioners remain party to this action.  The Court further GRANTS Plaintiff's Motion to Amend His Complaint (doc. 7), to the extent that it permits clarification that he is suing Defendant Engineers in their official capacities. Plaintiff is directed to file an Amended Complaint forthwith reflecting such clarification, and deleting Hamilton County as a Defendant.

SO ORDERED.


Dated: December 27, 2012      s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge